UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **BRIDGEFIELD CASUALTY INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2336** |
| **RIVER OAKS MANAGEMENT, INC** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is River Oaks' Motion to Stay Judgment pending appeal (Doc. 54). For the following reasons, the Motion is DENIED.

### BACKGROUND

Bridgefield Casualty Insurance Company filed this action seeking a declaratory judgment that a Louisiana workers compensation insurance policy sold to River Oaks Management, Inc. does not provide coverage for an accident which occurred in Mississippi. After the parties filed cross-

1

motions for summary judgement, the Court granted Bridgefield's motion and issued a judgment declaring that the insurance policy does not provide coverage for the accident at issue. River Oaks now moves this Court to stay the declaratory judgment pending appeal.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 62 governs the issuance of a stay. River Oaks asserts that Rule 62(d) permits the Court to enter a stay pending appeal of this matter. The Court disagrees. Rule 62(d) provides:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

"Rule 62(d) has been interpreted as entitling a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *Sundown Energy, L.P. v. Haller*, No. 10-4354, 2013 WL 3199698 (E.D. La. June 21, 2013). "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Id.* Therefore, a Court ordinarily lacks authority to stay a declaratory judgment pending appeal under 62(d) because such a judgment is non-monetary.

Nonetheless, the Fifth Circuit, in *Hebert v. Exxon Corp.*, issued a writ of mandamus ordering

2

the district court to enter a stay of a declaratory judgment pending appeal. 953 F.2d 936, 937 (5th Cir. 1992). River Oaks argues that *Hebert* is binding on this Court. However, River Oaks' argument overlooks a significant distinguishing factor between *Hebert* and the instant matter.

In *Hebert*, the district court granted declaratory judgment, ordering an insurance company to pay a specific sum of money to the insured. *Id*. at 938 ("Here, the district court's declaratory judgment binds Albany to pay a specific sum of money."). The Fifth Circuit held that a declaratory judgment is susceptible to a rule 62(d) *stay as long as it orders a party to pay a specific sum of money*. *Id*.

Unlike *Hebert*, the judgment in this matter does not order River Oaks to pay Bridgefield any amount of money. It merely declares that the workers compensation policy at issue does not provide coverage for the instant accident. River Oaks argues that it will incur monetary liability to Bridgefield as a result of the judgment. Even accepting this argument as true, such a fact does not transform this Court's declaratory judgment into a money judgment. Because the Court's judgment is not a judgment for money, the Court concludes that it lacks authority to grant a rule 62 stay pending appeal.

## CONCLUSION

For the foregoing reasons, the Motion for Stay pending appeal is DENIED.

New Orleans, Louisiana, this 4th day of November, 2013.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE